UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.,
                          Plaintiff,

                -v-                                              19-CV-3907 (JPO)

FRANCISCO MENDEZ et al.,                                         ORDER
                          Defendants.

J. PAUL OETKEN, District Judge:

Plaintiff J & J Sports Productions, Inc. brings this suit against Defendants Francisco Mendez and Mendez Boxing Fifth Ave., Inc. for an alleged unauthorized viewing of a pay-per-view boxing match. Plaintiff filed suit on May 1, 2019. (Dkt. No. 1.) Defendants did not answer or otherwise appear within the requisite time period. The Clerk of Court entered default against both Defendants on July 8, 2019. (Dkt. Nos. 16–17.) Plaintiff have moved for default judgment. (Dkt. No. 18.) In response, Defendants have moved to set aside the defaults. (Dkt. No. 26.) For the reasons that follow, Defendants' motion is granted and Plaintiff's motion is denied.

Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default "for good cause." The existence of "good cause" turns on three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Here, the factors all weigh in favor of setting aside the default. First, the default was not willful. Defendants failed to answer within the requisite time period because of delays and miscommunications arising out of Mendez's health problems. (Dkt. No. 27 at 3.) At most,

1

Defendants' conduct can be characterized as negligent — but not willful. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (holding that "willfulness" excludes "careless or negligent errors"). Second, setting aside the default will not prejudice Plaintiff. "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). And Plaintiff does not assert any other grounds for a finding of prejudice. Third, Defendants have presented a meritorious defense because they have "present[ed] some evidence beyond conclusory denials to support [their] defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). The test is whether "the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* Here, Defendants assert several complete defenses in their answer to the complaint, including that they had a valid license to view the broadcast. (Dkt. No. 27 at 4; Dkt. No. 29 ¶ 26.)

Thus, the Court finds that Defendants' default should be set aside. It follows that Plaintiff's motion for default judgment is denied.

\* \* \*

For the foregoing reasons, Defendants' motion to set aside default is GRANTED. Plaintiff's motion for default judgment is DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 18 and 26.

SO ORDERED.

Dated: February 3, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2