UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J & J SPORTS PRODUCTIONS, INC.,
                  Plaintiff,

        -v-

FRANCISCO MENDEZ, *et al.*,
                  Defendants.

19-CV-3907 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff J & J Sports Productions, Inc. ("J & J") brought this suit against Defendants Francisco Mendez and Mendez Boxing Fifth Ave., Inc. ("Mendez Boxing) for an alleged unauthorized interception and screening of a pay-per-view boxing match, in violation of 47 U.S.C. §§ 553 and 605. J & J now moves for a default judgment against Mendez Boxing.[1] For the reasons that follow, the motion is granted.

**I.    Background**

J & J, a California corporation, is a distributor of sports and entertainment programming. (Dkt. No. 1 ¶¶ 6, 21.) Mendez Boxing, a New York corporation, owned and operated a commercial establishment doing business as "Mendez Boxing" in New York City. (Dkt. No. 1 ¶¶ 7–8.) Mendez was the CEO and Principal of Mendez Boxing. (Dkt. No. ¶ 9.)

In 2016, J & J entered into a license agreement that granted it exclusive nationwide commercial distribution rights to a World Boxing Council Middleweight Championship Fight ("the Program"). (Dkt. No. 1 ¶ 17.) J & J then entered into sub-licensing agreements with

---

[1] J & J notified the Court in 2020 that had Mendez passed away. (Dkt. No. 36.) J & J indicated that it intended to proceed with its complaint against Mendez Boxing and any potential assets of Mendez's estate (Dkt. No. 36), but it brings this default judgment only against Mendez Boxing. (Dkt. No. 53.)

1

commercial establishments to permit public exhibitions of the Program.  (Dkt. No. 1 ¶ 18.)  The transmission of the Program was electronically coded.  (Dkt. No. 22.)  If J & J authorized a commercial establishment to receive the Program, the establishment was provided with electronic decoding equipment and the satellite coordinates to receive the signal for the Program.  (Dkt. No. 23.)  Without authorization from J & J, commercial establishments could not publicly air the Program.  (Dkt. No. 1 ¶ 19.)  On the night of the Program, however, Mendez Boxing hosted a public exhibition of it without authorization from J & J and without paying the necessary commercial fee.  (Dkt. No. 1 ¶¶ 24–26.)  At Mendez Boxing's public exhibition of the program, it sold beverages to patrons.  (Dkt. No. 1 ¶ 25.)

  J & J filed suit on May 1, 2019.  (Dkt. No. 1.)  Defendants did not answer or otherwise appear within the requisite time period.  The Clerk of Court entered default against both Defendants on July 8, 2019.  (Dkt. Nos. 16–17.)  J & J then moved for default judgment (Dkt. No. 18.)  In response, Defendants moved to set aside the defaults (Dkt. No. 26), which the Court granted (Dkt. No. 30).

  After Judge Robert W. Lehrburger issued a Case Management and Scheduling Order (Dkt. No. 35), J & J notified the Court that Mendez Boxing had not complied with any discovery demands and that J & J could not get in contact with counsel for Mendez Boxing.  (Dkt. No. 44.) Judge Lehrburger scheduled a status conference on June 25, 2021, but neither Mendez Boxing nor its counsel appeared.  Judge Lehrburger then issued an Order to Show Cause directing Mendez Boxing to explain why the case should not proceed to default judgment (Dkt. No. 47), which Mendez Boxing never responded to.  Default was once again entered against Mendez Boxing (Dkt. No. 52), and J & J now seeks default judgment against Mendez Boxing for a second time.  (Dkt. No. 53).

**II.    Discussion**

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). A court may "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas*, No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (internal quotation marks omitted).

J & J requests that the Court enter a default judgment in its favor and against Mendez Boxing, and that the Court reward J & J $6,600 in statutory damages and $19,800 in enhanced damages. The Court concludes that based on the well-pleaded allegations in J & J's complaint, Mendez Boxing's liability has been established as a matter of law. The Court further concludes, assuming the truth of J & J's factual allegations, that Mendez's violation was "committed willfully and for purposes of commercial advantage or private financial gain," 47 U.S.C. § 605(e)(3)(C)(ii), entitling J & J to the relief it seeks of statutory damages and enhanced damages.

### III.    Conclusion

For the foregoing reasons, J & J's motion for default judgment is GRANTED. J & J is awarded $6,600 in statutory damages and $19,800 in enhanced damages against the corporate defendant, Mendez Boxing.

The Clerk is directed to close the motion at Docket Number 53. J & J is directed to mail a copy of this Order to Mendez Boxing.

SO ORDERED.

Dated: March 30, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge